UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNELL M. DYER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POLICE OFFICERS, *et al.*, )<br>)<br>Defendants. )<br>) | Case: 1:14-cv-02097<br>Assigned To : Unassigned<br>Assign. Date : 12/12/2014<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. "In order for [the plaintiff] to overcome [a] procedural bar" which prevents him from filing another motion in the Superior Court under D.C. Code § 23-110, he asks this Court for "a[] c[e]rtificate of appeal[ability] under 28 U.S.C. § 2253(c)[], and p[u]rsuant to the D.C. Code § 23-110(g) motion." Compl. at 2. The Court cannot grant the relief requested. The plaintiff cannot obtain relief in this federal district court to circumvent the rulings of the Superior Court.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the

remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Neither lack of success in his previous attempt to collaterally attack his conviction and sentence, *see Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995), nor a procedural bar, *see Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986), renders his local remedy inadequate or ineffective. Furthermore, a federal district court neither can direct the actions of a Superior Court judge nor review that judge's decisions. *See, e.g., Hoai v. Superior Court*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) ("Simply stated, neither the public interest, nor the interests in practical judicial administration, would be served by a federal court reviewing the decisions of our local judicial officers who are acting pursuant to their judicial authority.").

The plaintiff has no recourse in this federal district court, and therefore, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 12/5/14

_____
United States District Judge